UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LAURIE ANN GOLD<br><br>                    Plaintiff,<br><br>v.<br><br>PARKER TOYOTA, INC., et al<br><br>                    Defendants. | Case No. 2:09-CV-00618-EJL<br><br>**MEMORANDUM ORDER** |

Plaintiff Laurie Ann Gold brings this action against Defendants Tony Cruickshank, Mike White, James Parker and Parker Toyota, Inc. alleging sexual harassment, sexual discrimination, equal pay discrimination and age discrimination. Defendants have moved for summary judgment on all of Plaintiff's claims. The motion is now ripe. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without a hearing.

On October 22, 2008, Laurie Ann Gold ("Gold")  was terminated from her position as an Assistant Sales Manager, ("ASM") at Parker Toyota. Gold was an Automotive Society of Engineers certified Master Mechanic, a Toyota certified Master Mechanic, and a Toyota Certified Assistant Service Manager. Before her termination Gold had worked for Parker Toyota for seventeen years. She was hired as a line technician on November 5, 1991. In 2001, she was promoted to the position of ASM, a position she held for 7 years. All ASMs are paid on a commission basis, and Gold admits all ASMs, male and female were paid on this same compensation plan. In 2005 and 2006 Gold made top ASM customer service sales for the year, and was on track to be the top volume ASM in 2008.

Defendant Tony Cruickshank was Gold's direct supervisor for the last nine years of her employment. Defendant Mike White is the general manager of Parker Toyota. Defendant James Parker is the president of Parker Toyota. Between 2004 and 2008, Gold was issued at least seven written warnings about customer service complaints. Gold admits that she was warned that these complaints put her job in jeopardy.  Gold alleges she was never allowed to see these warnings or respond to them. She also claims that many of these complaints were not her fault or have been exaggerated by the Defendants.

On October 22, 2008, a customer at Parker Toyota arrived one day early for a scheduled appointment. Gold claims that before she could try to accommodate the customer the customer turned to leave. Defendant Cruickshank then intercepted the

customer and scheduled an appointment for that day. Defendant Cruickshank then terminated Gold for failing to find an appointment for the customer, stating that Gold had an open appointment at that very time the customer was already there. Gold believes that this situation was set up to give Parker Toyota an excuse to fire her. She claims that when she arrived to work that morning a co-worker commented that the atmosphere felt like someone was going to be fired. Gold also states that after she had been terminated a former co-worker approached her in Costco and told her that he had overheard an ASM talking about how Defendant Cruickshank had worked together with three other ASMs to get Gold terminated.

After Gold was terminated, her position was filled by a male ASM, 12 years younger than Gold. This ASM had been hired between six and eight weeks before Gold was terminated. At this time Parker Toyota was expanding its building and claims the ASM was originally hired to work alongside Gold. Gold contends the younger, male ASM was hired to replace her. Gold alternatively acknowledges the expansion but argues Parker Toyota should have offered her a mechanic position in the expanded service center instead of terminating her.

Subsequent to her termination, Plaintiff Gold filed charges for sex and age discrimination with the Equal Employment Opportunity Commission ("EEOC") and with the Idaho Human Rights Commission ("IHRC"). The IHRC denied her allegations and the EEOC adopted the IHRC's findings. Gold filed this action for violation of the Equal Pay Act, and for age discrimination, sexual harassment and sex discrimination in

violation of Title VII of the Civil Rights act of 1964. Defendants then moved for summary judgment on all claims.

## STANDARD OF REVIEW

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. This rule provides that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, shows that there is no genuine issue as to any material fact that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The Supreme Court has made it clear that under Rule 56 summary judgment is mandated if the non-moving party fails to make a showing sufficient to establish the existence of an element which is essential to the non-moving party's case and upon which the non-moving party will bear the burden of proof at trial. *See, Celotrex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the non-moving party fails to make such a showing on any essential element, "there can be no 'genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id* at 323.

According to the Ninth Circuit, in order to withstand a motion for summary judgment, a party

> (1) must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof;
> (2) must show that there is an issue that may reasonably be resolved in favor of either party; and
> (3) must come forward with more persuasive evidence than would otherwise be

necessary when the factual context makes the non-moving party's claim implausible.

*Id.* at 374 (citation omitted).

When applying the above standard, the court must view all of the evidence in a light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Hughes v. United States*, 953 F.2d 531, 541 (9th Cir. 1992). The "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to defeat of motion for summary judgment; rather "there must be evidence one which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

ANALYSIS

Plaintiff Gold's complaint contains four claims: violation of the Equal Pay Act, Age Discrimination, Sexual Harassment and Sex discrimination in violation of Title VII of the Civil Rights Act of 1964. The Defendants moved for summary judgment on all four claims. This Court will address each claim in turn.

1. Sexual Harassment

In her complaint, Plaintiff Gold states that she endured nine years of sexual harassment by Defendants, who subjected her to a hostile workplace. Gold alleges that as a direct and proximate result of Defendants' actions, she  has suffered loss of wages, loss of benefits, mental anguish, emotional distress, personal humiliation, indignity, embarrassment, inconvenience, stigma, pain and suffering, and damages to her personal and professional reputations.

The Defendants moved for summary judgment on Gold's sexual harassment claim. The Defendants allege that Gold's claim is barred as she failed to include it in her EEOC charge. Alternatively, Defendants argue that the claim must be dismissed as there is no evidence of sexual harassment. The Defendants rely on Gold's deposition testimony in which she admits that no one at Parker Toyota asked her for sexual favors, or engaged in offensive touching, or made improper sexual comments to her.

Sexual harassment claims not filed with the EEOC are statutorily barred as unexhausted. *Nilsson v. City of Mesa*, 503 F.3d 947, 953 (9th Cir. 2007). Courts have universally barred sexual harassment claims when the plaintiff fails to include the cause of action in the EEOC charge.

Because Gold did not include a claim for sexual harassment in her EEOC charge, the claim is barred, and summary judgment on the claim is granted. Moreover, the claim is dismissed as Gold has not set forth any evidence of sexual harassment by the Defendants.

2. Equal Pay

In her complaint Gold alleges that Defendants deprived her of her federally protected rights under the Equal Pay Act ("EPA"). Defendants moved for summary judgment on Gold's equal pay claim, alleging Gold could not establish a prima facia case under the EPA, because she cannot show that employees of the opposite gender were paid different wages for equal work. Defendants point to Gold's deposition testimony where she states she believes that all ASMs are paid on the same commission based pay plan.

Furthermore, Gold failed to address the motion for summary judgment on her equal pay claims in Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment.

Under Local Rule 7.1(e)(2) if a party fails to address another party's assertion of fact, the court may consider the uncontested facts as undisputed for purposes of the motion. The Court may grant summary judgment if the motion and supporting materials, including the facts considered undisputed, show that the moving party is entitled to summary judgment. Because there is no evidence of unequal pay for ASMs and because Gold failed to address Defendants' assertions of fact about her equal pay claim, summary judgment on this claim is granted.

3. Sex and Age Discrimination

In her complaint Gold alleges that she was terminated in order to be replaced with a younger male under the age of 40. The Defendants move for summary judgment on her age and sex discrimination claims alleging Gold cannot establish a prima facia case on either claim because she cannot establish that she was qualified for her job and was performing it satisfactorily. Gold maintains she was performing her job duties and has established a prima facia case of sex and age discrimination.

To establish a prima facia case for sexual discrimination, plaintiff must prove: (1) that she belonged to a protected class; (2) she was qualified for her job; (3) she was subjected to an adverse employment action; and (4) similarly situated employees not in her protected class received more favorable treatment. *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006). To establish a prima facia case for age discrimination under the Age

Discrimination in Employment Act ("ADEA") she must show that (1) she was 40 to 70 years old; (2) she was doing satisfactory work; (3) she was discharged; and (4) she was replaced by a sufficiently younger employee with equal or inferior qualifications. *Ferguson v. Wal-Mart Stores, Inc.*, 114 F.Supp.2d 1057, 1063 (9th Cir. 2000). Once the prima facia case on these claims have been established, the burden of production then shifts to the employer to show a legitimate, nondiscriminatory reason for the challenged action. *Chuang v. Univ. of Cal. Davis*, 225 F.3d 1115, 1123-24 (9th Cir. 2000). If the employer meets this burden, the plaintiff then must show that the articulated reason is pretextual. *Tex. Dept. Of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981). The plaintiff can show this by persuading the factfinder that a discriminatory reason more likely motivated the employer, or by showing that the employer's explanation is unworthy of credence. *Id.*

The Court finds for the purpose of this motion that Gold has established her prima facia case. The only element disputed by the parties is whether she was qualified for her job and performed it satisfactorily. To be qualified for her job, a plaintiff must prove that she "was doing her job well enough to rule out the possibility that [s]he was fired for inadequate job performance." *Sengupta v. Morrison-Knudsen Co., Inc.*, 804 F.2d 1072, 1075 (9th Cir. 1986).

Defendants argue Gold was not "qualified" for her job because she did not meet her employer's legitimate expectations at the time she was fired. Defendants point to the warnings Gold was given before her termination. The Defendants list seven written

warnings given to Gold in the four years before her termination. Gold states that she was recognized for top customer sales for 2005 and 2006, and was on her way to making top sales in 2008 before she was terminated. Gold provided letters from numerous customers who were satisfied with her customer service. For the purpose of this motion and in viewing the disputed facts in the light most favorable to the Plaintiff, the Court will assume that Gold has met her prima facia case for sex and age discrimination.

The burden of persuasion now shifts to Defendants to show there was a legitimate business reason for her termination. Defendants point to the numerous warnings and write-ups Gold received prior to her termination, at least four complaints were recorded in the ten months preceding her termination. It is undisputed Gold was given several warnings and was warned that her job would be in jeopardy if she received any more customer complaints. Gold asserts that many of these complaints were not actually her fault, or that Defendants exaggerated complaints to create a legitimate reason to fire her. Defendants also allege that on the day of her termination Gold did not check her schedule to attempt to find an appointment for the customer who had come in on the wrong day. Gold insists that every morning she checks her schedule and does not remember having an open space the day she was terminated. Gold speculates that Defendant Cruickshank may have deleted an appointment on her calendar to make an appointment available for the customer. This is only speculation, and Gold does not state that she did in fact check her calender the morning of her termination.

The Court finds based on the four customer complaints, with the last two

complaints occurring in the month she was fired, defendants have established a legitimate reason for terminating Gold, the burden now shifts back to Gold to show that this articulated reason is actually a pretext. Gold must adduce "specific, substantial evidence of pretext." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1281 (9th Cir. 2000). Gold has not met this burden. She speculates that Defendants Cruickshank and White set her up to be fired so that she could be replaced by a younger man, but offers no actual evidence of this. Gold admits that the younger man was actually hired six to eight weeks before she was terminated for the company's service department expansion. Gold does not state that she did in fact check her computer for an open appointment the morning of her termination, she only states that it is her practice to do so in the morning. Gold does not deny that the customer was leaving when the manager intervened. Gold relies on speculation of a co-worker who told her that someone was going to be fired that morning. Gold also relies on inadmissible double hearsay from a former co-worker who approached her in Costco and told her he allegedly overheard an ASM talking about how she had been set up.

As such, the Court finds that Plaintiff Gold has failed to carry her burden with admissible evidence. She had produced no evidence of a conspiracy or set up by managers and a customer. Gold has also produced no evidence that the appointment time was not available and that it was manipulated by Defendant Cruickshank. Gold offers no specific, substantial evidence that her termination was motivated by anything other than her poor customer service. Because Gold has not established genuine issues of fact exist

regarding any evidence of pretext, the motions for summary judgment on her age and sexual discrimination claims are granted.

ORDER

Based on the foregoing, the Court being fully advised in the premises, it is

**HEREBY ORDERED** that Defendants' Motion for Summary Judgment (Dkt. No. 13) is

**GRANTED** and this case is **DISMISSED IN ITS ENTIRETY**.

DATED: **February 17, 2011**

Honorable Edward J. Lodge
U. S. District Judge